JOE POWELL *alias* JOE CENICEROS V. STATE

No. 25432. October 31, 1951.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) December 12, 1951.

Hon. Owen M. Lord, Judge Presiding.

*W. J. Baldwin*, Beaumont, for appellant.

*Ramie H. Griffin*, Criminal District Attorney, *Joe B. Goodwin*, Assistant Criminal District Attorney, Beaumont, and *George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of an assault with intent to rape upon his daughter, and the jury assessed his punishment at 25 years in the penitentiary.

The daughter testified to facts which, if believed by the jury, are sufficient to support their verdict. They need not be discussed.

Bill of Exception No. 1 complains that the child, who was under 14 years of age, was not a competent witness, both because of her immaturity and because of her alleged mental deficiency.

The bill reveals that the question of the competency of the witness was first raised after she had given her testimony, when appellant objected "to any of said testimony going to the jury."

It is noted that appellant, in his motion for new trial, suggested that the court should hear evidence on the issue of the competency of the witness. But from the bill, it appears that no evidence was heard and appellant relies alone on the testimony of the witness given on cross-examination to show her incompetence.

We are unable to agree that an abuse of discretion on the part of the trial court in permitting the child witness to testify is shown. She testified in answer to the district attorney's question: "That did happen, I am telling the truth. I know what will happen to me if I don't tell the truth. If I am telling a lie God will punish me and the judge will punish me if I am telling a lie."

Appellant's remaining bill is directed to the refusal of the following requested charge: "You are further charged as a part of the law in this case that if you believe from the evidence, or have a reasonable doubt thereof, that the prosecutrix was told by her mother to testify to the offense of assault with intent to rape or rape as its defenses have been defined to you herein, for the reason of a family dispute between the Defendant and Defendant's wife, you will find the Defendant 'not guilty'."

The trial judge properly refused to give such charge, it being on the weight of the evidence and being an incorrect statement of the law. If the testimony of this child be true, it is immaterial that she may have been told to relate it by reason of a family quarrel.

The weight to be given the testimony was for the jury. Appellant did not testify. He did not call his wife to the stand, and the state could not.

We would not be authorized to disturb the jury's verdict, the evidence being sufficient to sustain their findings.

No error appearing, the judgment is affirmed.

Opinion approved by the Court.